Charles J. Harder, Esq.  
Jordan Susman, Esq.  
Harder Mirell & Abrams LLP  
132 South Rodeo Dr., Fourth Flr.  
Beverly Hills, California 90212  
*Attorneys for Plaintiff,*  
BARRY HONIG

Charles Tobin, Esq.  
Sean Sheely, Esq.  
Christine Walz, Esq.  
Holland & Knight  
31 W. 52nd Street  
New York, NY 10019  
*Attorneys for Defendant,*  
TERI BUHL

January 19, 2017

<u>*VIA PERSONAL DELIVERY & ECF*</u>

Hon. Paul G. Gardephe, U.S.D.J.  
United States District Court, Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, New York 10007

    Re:    <u>*Barry Honig v. Teri Buhl*</u>  
             Civil Action No.: 16-cv-07477-PGG  
             Rule 26(f) Conference Report  
             Initial Pretrial Conference: January 26, 2017

Dear Judge Gardephe:

    Pursuant to the Notice of Pretrial Conference entered on October 28, 2016 (Dkt. 8), and pursuant to the Federal Rules of Civil Procedure ("FRCP"), plaintiff BARRY HONIG ("Plaintiff") and defendant TERI BUHL ("Defendant") submit this joint letter regarding the parties' Rule 26(f) Conference.

    The meet and confer conference pursuant to Rule 26(f) was conducted telephonically between Jordan Susman, Esq. for Plaintiff and Sean Sheely, Esq., Charles Tobin, Esq., and Christine Walz, Esq. for Defendant on January 12, 2017 at 3:00 p.m.

I.  **BRIEF DESCRIPTION OF THE CASE**

   A.       **By Plaintiff**

On or about May 26, 2016, Defendant published a story on teribuhl.com entitled "Microcap Attorney Jaclin's Co-Conspirator Turned DOJ Witness in Shell Factory Scheme." The May 26, 2016 article contains the statement: "But it's possible more players in the microcap space will be arrested by the DOJ or charged with an enforcement action by the SEC. One name that comes to mind is microcap financer Barry Honig."

This statement is false. Plaintiff is not the target of any such investigation or enforcement action, and there is no basis to believe an arrest will be made by the DOJ or that Plaintiff will be charged in an enforcement action by the SEC involving the matters in the article published by Defendant.

On or about September 23, 2016, Defendant published another story on teribuhl.com entitled "Investor Barry Honig Target of SEC MGT Capital Subpoena." The original version of the September 23, 2016 article contains the following false and defamatory statements:

   a.    "Investor Barry Honig Target of SEC MGT Capital Subpoena"

   b.    "Microcap investor Barry C. Honig is the target of an SEC investigation for his role in trading and investing in shares of MGT Capital ($MGT)."

   c.    "90% of the regulator's questions are about Honig."

   d.    "Honig has been calling SEC enforcement defense lawyers this week looking for representation."

   e.    "Barry uses other people to run a company he is secretly controlling and pays stock pumpers to tout the company without disclosure."

   f.    Plaintiff "runs things behind the scene."

   g.    Plaintiff allegedly engages in "tons of questionable pump and dump deals."

   h.    Plaintiff's counsel allegedly "has been able to keep the SEC at bay."

   i.    Plaintiff "teamed up with his favorite investing partner Michael Brauser."

j. Plaintiff "acted as an affiliate in trading MGT stock."

k. "Market participants sit on the side line to see if the SEC can get the goods to finally charge Barry Honig".

The statements in the original September 23, 2016 article are false. Plaintiff is not the target of a subpoena to MGT or an investigation as falsely stated by Defendant, or the subject of 90 percent of a regulator's questions to MGT. Plaintiff has not been looking for an SEC enforcement defense lawyer. Plaintiff is a passive investor and does not run things behind the scenes and is not involved in "pump and dump" schemes. Plaintiff has never paid a stock promoter to tout the company without disclosure. He also has no affiliation with anyone in MGT Capital's management or its Board of Directors. Plaintiff also has not teamed up with Michael Brauser.

On or about September 23, 2016, a written communication was delivered to Defendant identifying the foregoing false and defamatory statements about Plaintiff and demanding a retraction and apology. Defendant refused to issue a retraction or apology. Instead, Defendant changed the title of her article to "Investor Barry Honig *Subject* of SEC MGT Capital Subpoena," an equally false statement misleading readers into the belief Plaintiff is the sole the focus of a routine SEC subpoena served on MGT, and published an amended version of the article.

The amended September 23, 2016 article repeated many of the defamatory statements about Plaintiff and added two new defamatory statements about Plaintiff:

a. "Barry Honig is pulling out the big legal guns apparently worried about what's inside that SEC subpoena."

b. "Additionally, Honig had two days to respond to questions about the subpoena and refused to return a call and email for comment."

The two new statements, added to the amended September 23, 2016 article, are false. Plaintiff is not worried about what is inside any alleged SEC subpoena, and engaged a well-known libel lawyer for the specific purpose of putting Defendant on notice of her false and

defamatory statements about Plaintiff, and demanding a retraction and apology of same. Further, Plaintiff did not have two days to respond to Defendant's reporting. Defendant did not send any written request for comment to Plaintiff himself, but rather sent a very cryptic statement to Plaintiff's representative that provided no information at all about what Defendant intended to report, or what specifically she was asking Plaintiff to comment on.

On September 23, 2016, Plaintiff's counsel sent Defendant a second written communication setting forth additional defamatory statements by Defendant against Plaintiff, namely, the two defamatory statements in the amended September 23, 2016 article and the defamatory statement in the May 26, 2016 article. Plaintiff's counsel requested a retraction and apology regarding same, as well as made a second request for a retraction and apology of the defamatory statements in the original September 23, 2016 article. Defendant did not retract any of the defamatory statements or apologize. Instead, Defendant responded by email that she would not do so.

Defendant's publication of the articles has caused substantial damage to Plaintiff's business, career, personal and professional reputation, and his actual and prospective economic relationships. As a result, Plaintiff has asserted claims against Defendant for libel and intentional interference with prospective economic advantage. Plaintiff seeks to recover presumed, actual and punitive damages in an amount to be established at trial

### B. By Defendant

Plaintiff Barry Honig is a well-known public figure in the investment sector of small cap stock promotion and is the subject of numerous articles published on-line and in print about that financial sector. Defendant Teri Buhl is an investigative journalist whose reporting focuses on the financial sector. Her reporting on Mr. Honig is well-sourced and accurate, based on an SEC subpoena, related accusations of investment misconduct made in public court filings, and multiple credible sources who are familiar with Plaintiff's conduct.

Plaintiff's Complaint fails to state a claim upon which relief can be granted because each of the allegedly defamatory statements are based on official documents and protected under New

York's fair report privilege (Section 74 of the New York Civil Rights Law), are statements of opinion based upon accurately stated and reported facts protected under the First Amendment to the U.S. Constitution and the New York State Constitution, and/or are not actionable as a matter of law.

Further, Mr. Honig's claims fail for the additional reasons that he cannot demonstrate falsity or that Ms. Buhl published statements about matters of public concern with First Amendment actual malice (*i.e.* knowing that they were false or with reckless disregard for the truth) or with the requisite "gross irresponsibility" required under New York state law. His defamation claim is entirely without merit.

Because Plaintiff defamation claim is without merit, his derivative claim for interference with prospective economic advantage also fails as a matter of law.

## II. CONTEMPLATED MOTIONS

At this time, Defendant will be asking the Court for permission to file a motion to dismiss for failure to state a claim based on Fed. R. Civ. P. 12(b)(6). With that motion, Defendant will also request a motion to stay all discovery pending the Court's ruling on that motion. Plaintiff opposes that motion.

## III. PROSPECTS FOR SETTLEMENT

The parties have discussed generally the topic of a possible early settlement. Settlement prospects are unknown at this time

## IV. MATTERS TO BE ADDRESSED PURSUANT TO FRCP RULE 26(f)

As set forth in Section II. above, Defendant requests a stay of all discovery pending the Court's ruling on her motion to dismiss. In the alternative, the parties discussed a timetable for discovery, which is set forth below.

### A. Rule 26(a) Disclosures

The parties' Rule 26(a) disclosures will be made on or before February 9, 2017, which is two weeks after the Initial Pretrial Conference. The parties do not propose to modify or change

the form or requirements for disclosures under Rule 26(a).

      **B.**      **Subjects for Discovery**

    **By Plaintiff:**

Plaintiff expects to take written discovery, and both fact and expert depositions, related to at least the following subjects:

    a. Defendant's defamatory statements; the facts underlying the claims set forth in the Complaint.

    b. Damages.

    c. Journalistic standards, procedures and ethics.

    d. The basis for any of Defendant's affirmative defenses and denial of Plaintiff's claims.

    e. Any other matters related to the foregoing.

Plaintiff reserves his right to serve discovery on additional topics as they arise.

    **By Defendant:**

Defendant expects to take written discovery, and both fact and expert depositions, related to at least the following subjects:

    a. Defendant's allegedly defamatory statements; the facts underlying the claims set forth in the Complaint.

    b. The truth or falsity of the allegedly defamatory statements.

    c. The standard of fault.

    d. Damages.

    e. Any other matters related to the foregoing.

Defendant reserves her right to serve discovery on additional topics as they arise.

      **C.**      **Electronically Stored Information**

The parties agree to preserve discoverable electronically stored information. The parties agree to provide electronically stored information as required by FRCP 26(b)(2)(B). The parties agree to produce electronic documents in an electronically searchable form in a format mutually

agreeable by the parties, if requested and where reasonably necessary.

### D. Privilege and Protection of Pretrial Materials

**Plaintiff's Position:**

Because Plaintiff may need to disclose in connection with discovery nonpublic and competitively sensitive information in this action, Plaintiff believes the Court should enter a Protective Order based upon its Model Protective Order.

**Defendant's Position:**

Defendant opposes the entry of the Protective Order the Plaintiff contemplates in this matter. Plaintiff's financial information and history of investment conduct is relevant to the substantial truth of Ms. Buhl's coverage. Therefore, there is no good cause for producing any information that would be discoverable in this lawsuit under a Protective Order. Defendant is amenable to limited redactions of personally identifiable information, as set forth in the Federal Rules of Civil Procedure and local rules.

The discovery Plaintiff seeks may implicate confidential sources of a journalist, and therefore the Defendant may invoke journalist's privilege well-established under Second Circuit and New York state law.

### E. Proposed Modification of the Discovery Rules

Except as expressly stated herein, the parties propose that no modifications be made with regard to limitations on discovery imposed by the FRCP or Local Rules at this time. The parties respectfully reserve the right to seek leave of Court to amend or deviate from these limits upon agreement or for good cause.

### F. Settlement

The parties have discussed generally the topic of a possible early settlement. Settlement prospects are unknown at this time.

### G. Scheduling Order

Attached hereto as Exhibit 1 for the Court's review and entry is the Civil Case Management Plan and [Proposed] Scheduling Order that has been agreed to by the Parties, if the

Court denies Defendant's motion to stay discovery.

DATED: January 19, 2017	HARDER MIRELL & ABRAMS LLP


By: _____*Charles J. Harder*_____
    CHARLES J. HARDER
    Attorneys for Plaintiff BARRY HONIG

DATED: January 19, 2017	HOLLAND & KNIGHT


By: _____*Sean C. Sheely*_____
    SEAN C. SHEELY
    Attorneys for Defendant TERI BUHL