# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Sean C. Sheely
(212) 513-3538
sean.sheely@hklaw.com

January 20, 2017

*Via ECF*
Hon. Paul G. Gardephe
United States District Court,
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Honig v. Buhl*, U.S. District Court, Southern District of New York
             Case No.: 1:16-cv-07477-PGG
             **REQUEST FOR A PRE-MOTION CONFERENCE**

Dear Judge Gardephe:

      We represent Defendant Teri Buhl in the above-referenced matter. Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice for Civil Cases, we write to request a pre-motion conference with respect to Ms. Buhl's intention to file a pre-answer motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). This letter provides a brief statement of the bases of the anticipated motion.

      We also understand that, under Rule 4.A., the time for Ms. Buhl to respond to answer or move with respect to the complaint is stayed pending the filing of this letter. Ms. Buhl additionally requests a stay of discovery pending the Court's ruling on her motion to dismiss. A schedule has not yet been issued in this matter, and counsel can further address these issues at the initial scheduling conference scheduled for **January 26, 2017**.

      Plaintiff's Complaint fails to state a claim upon which relief can be granted because each of the allegedly defamatory statements are based on official documents and protected under New York's fair report privilege, are statements of opinion based upon accurately stated and reported facts protected under the First Amendment to the U.S. Constitution and the New York State Constitution, and/or they are not actionable as a matter of law. Additionally, portions of the relief the Plaintiff seeks, a Court order "requiring Defendants to make a public retraction" and an order "granting preliminary and permanent injunctive relief", are flatly unconstitutional.

      Because Plaintiff's defamation claim is without merit, his derivative claim for interference with prospective economic advantage also fails as a matter of law. The tortious interference claims fails for the independent reason that Ms. Buhl's journalism is not the sort of wrongful or improper conduct actionable under that tort.