# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Sean C. Sheely
(212) 513-3538
sean.sheely@hklaw.com

January 20, 2017

*Via ECF*
Hon. Paul G. Gardephe
United States District Court,
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Honig v. Buhl*, U.S. District Court, Southern District of New York
             Case No.: 1:16-cv-07477-PGG
             **REQUEST FOR A PRE-MOTION CONFERENCE**

Dear Judge Gardephe:

      We represent Defendant Teri Buhl in the above-referenced matter. Pursuant to Rule 4.A. of Your Honor's Individual Rules of Practice for Civil Cases, we write to request a pre-motion conference with respect to Ms. Buhl's intention to file a pre-answer motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). This letter provides a brief statement of the bases of the anticipated motion.

      We also understand that, under Rule 4.A., the time for Ms. Buhl to respond to answer or move with respect to the complaint is stayed pending the filing of this letter. Ms. Buhl additionally requests a stay of discovery pending the Court's ruling on her motion to dismiss. A schedule has not yet been issued in this matter, and counsel can further address these issues at the initial scheduling conference scheduled for **January 26, 2017**.

      Plaintiff's Complaint fails to state a claim upon which relief can be granted because each of the allegedly defamatory statements are based on official documents and protected under New York's fair report privilege, are statements of opinion based upon accurately stated and reported facts protected under the First Amendment to the U.S. Constitution and the New York State Constitution, and/or they are not actionable as a matter of law. Additionally, portions of the relief the Plaintiff seeks, a Court order "requiring Defendants to make a public retraction" and an order "granting preliminary and permanent injunctive relief", are flatly unconstitutional.

      Because Plaintiff's defamation claim is without merit, his derivative claim for interference with prospective economic advantage also fails as a matter of law. The tortious interference claims fails for the independent reason that Ms. Buhl's journalism is not the sort of wrongful or improper conduct actionable under that tort.

I.   **Allegations in the Complaint**

Plaintiff Barry Honig is a well-known investor involved in small cap stock promotion. He alleges that Ms. Buhl has harmed his reputation by making the following statements that he claims are false and defamatory:

- "Investor Barry Honig Target of SEC MGT Capital Subpoena"
- "Microcap investor Barry C. Honig is the target of an SEC investigation for his role in trading and investing in shares of MGT Capital ($MGT)."[1]
- "90% of the regulator's questions are about Honig."[2]
- "Honig has been calling SEC enforcement defense lawyers this week looking for representation."
- "Barry uses other people to run a company he is secretly controlling and pays stock pumpers to tout the company without disclosure."
- Plaintiff "runs things behind the scene."
- Plaintiff allegedly engages in "tons of questionable pump and dump deals."
- Plaintiff's counsel allegedly "has been able to keep the SEC at bay."
- Plaintiff "teamed up with his favorite investing partner Michael Brauser."
- Plaintiff "acted as an affiliate in trading MGT stock."
- "Market participants sit on the side line to see if the SEC can get the goods to finally charge Barry Honig."
- "Barry Honig is pulling out the big legal guns apparently worried about what's inside that SEC subpoena."
- "Additionally, Honig had two days to respond to questions about the subpoena and refused to return a call and email for comment."

Plaintiff's Complaint alleges two cause of action: one for libel and one for intentional interference with prospective economic advantage.

II.  **The Statements Identified by Plaintiff Are Not Defamatory.**

As a matter of law, and on their face, the statements that form the basis for Plaintiff's Complaint are not defamatory, because they are based on official documents and protected under New York's fair report privilege, they are statements of opinion based upon accurately stated and reported facts protected under the First Amendment to the U.S. Constitution and the New York State Constitution, and/or they are not actionable as a matter of law. Therefore, Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

---

[1] These statements were later modified to state that Barry Honig was the subject of an SEC subpoena to MGT Capital.

[2] This statement was later modified to state: "A large portion of the regulator's questions are about Honig, his company GRQ Consultants, and people who invest with him."

### A. The Allegedly Defamatory Statements Are Protected Under New York's Fair Report Privilege.

Under Section 74 of the New York Civil Rights Law, a fair and substantially accurate report of an official, judicial, or legislative proceeding cannot be the basis for a defamation action. *See Holy Spirit Ass'n for Unification of World Christianity v. N.Y. Times Co.*, 49 N.Y.2d 63, 68, 399 N.E.2d 1185 (N.Y. 1979)(newspaper article fairly characterizing intelligence report was privileged); *Cholowsky v. Civiletti*, 69 A.D.3d 110, 116, 887 N.Y.S.2d 592, 597 (2009)(dismissing defamation claim against reporter for substantially accurate report on judicial proceedings); *Freeze Right Refrigeration & Air Conditioning Servs., Inc. v. City of N.Y.*, 101 A.D.2d 175, 475 N.Y.S.2d 383 (1984)(newspaper's announcement of an investigation by a public agency, made before formal investigation has begun, was protected as a report of an official proceeding).

Ms. Buhl's statements that Mr. Honig was a subject of a Securities and Exchange Commission ("SEC") investigation and that 90% of the regulator's questions pertained to Mr. Honig are fair and accurate reports of a September 14, 2016 SEC Subpoena to MGT Capital Investments.[1] More specifically, the SEC seeks documents from MGT Capital concerning Barry Honig, seven companies Mr. Honig has invested with, and six individuals that Mr. Honig routinely invests with.[2] Ms. Buhl's characterizations of the SEC subpoena and related investigation are, therefore, substantially accurate and privileged under New York's law.

Likewise, "comments that essentially summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within [New York's fair report] privilege." *See Biro v. Conde Nast*, 883 F. Supp. 2d 441, 478 (S.D.N.Y. 2012). Ms. Buhl's statements about Mr. Honig's investment behavior—including statements that he "uses other people to run a company he is secretly controlling and pays stock pumpers to tout the company without disclosure," that he "runs things behind the scene," that he engages in "tons of questionable pump and dump deals"—are all based on statements made in court filings. *See, e.g. U.S. v. Joseph Noel*, Case No. Cr. 14-00264 VC (N.D.Cal. May 14, 2014) (plea agreement with Joseph Noel outlining Mr. Honig's role in investment scheme); *Greenburg v. Hudson Bay Master Fund Ltd.*, Case No. 1:14-cv-05226-DLC-HBP (S.D.N.Y.) (lawsuit filed by investor against Mr. Honig and others alleging violations of Section 16 of the Exchange Act and seeking disgorgement of profits); *Fisher v. Biozone Pharmaceuticals, Inc.*, Civil Action No. C 12-03716 WHA (N.D.Cal.) (lawsuit filed by business owner accusing Mr. Honig and others of violating the Racketeer Influenced and Corrupt Organizations Act and securities laws). These statements are also, therefore, privileged under New York law.

### B. The Allegedly Defamatory Statements Are Protected Opinion.

Under New York law, statements of opinion are also not actionable, so long as they are based upon accurately stated and reported facts. *Rinaldi v. Holt, Rinehart & Winston, Inc.*, 42 N.Y.2d 369, 366 N.E.2d 1299 (1977), following *Gertz v. Robert Welch, Inc.* 418 U.S. 323 (1974). In fact, the New York State Constitution affords greater protection of opinion than federal law. *See Immuno AG. v. Moor-Jankowski*, 77 N.Y.2d 235, 567 N.E.2d 1270 (1991).

For example, one New York court has held that statements (supported by hyperlinks to sources) that can be reasonably understood as allegations to be investigated, rather than as facts, are protected opinions based on disclosed facts. *See Silvercorp Metals Inc. v. Anthion Mgmt. LLC*,

Hon. Paul G. Gardephe
January 20, 2017
Page 4

36 Misc. 3d 1231(A), 959 N.Y.S.2d 92 (Sup. Ct. 2012) (dismissing plaintiff's defamation claim based on allegations that plaintiff misstated financial figures and valuations).

Likewise, here, a number of the allegedly defamatory statements identified by Mr. Honig are properly construed as Ms. Buhl's opinion of various allegations against Mr. Honig. These statements about Mr. Honig's specific role in various investment schemes[3] and about whether an SEC enforcement action is forthcoming[4] are opinions based on facts disclosed in Ms. Buhl's reporting. Therefore, they are not actionable as a matter of law.

### C. The Allegedly Defamatory Statements Are Not Actionable As a Matter of Law.

Under New York law, a statement is defamatory only if it would expose an individual to shame "in the minds of right-thinking persons." *Michtavi v. N.Y. Daily News*, 587 F.3d 551, 552 (2d Cir. 2009).[5] A number of the allegedly defamatory statements identified in Plaintiff's Complaint simply do not meet this standard. Specifically, statements that Mr. Honig was looking for representation, that he acted as an affiliate in trading MGT stock, and that he failed to respond to Ms. Buhl's questions about the subpoena would not expose Mr. Honig to shame "in the minds of right-thinking persons." Therefore, they are not actionable as a matter of law.

For each of these reasons, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### III. Plaintiff's Intentional Interference with Prospective Economic Advantage Claim Also Fails as a Matter of Law.

Plaintiff's claim for intentional interference with prospective economic advantage is based on the same conduct that underlies his defamation claim. Because Plaintiff's defamation claim is without merit, his derivative claim for interference with prospective economic advantage also fails as a matter of law.

Moreover, New York courts—like those in other states—have repeatedly held that acts performed in conjunction with the exercise of First Amendment rights cannot form the basis of a claim for tortious interference with economic advantage. *See, e.g. Huggins v. Povitch*, 24 Med. L. Rptr. (BNA) 2040, 2047-48, 1996 WL 515498 (Sup. Ct. N.Y. Co. Apr. 10, 1996)("A broadcaster whose motive and conduct is intended to foster public awareness or debate cannot be found to have engaged in the wrongful or improper conduct required to sustain a claim for interference with contractual relations.").

For this independent reason, Plaintiff's cause of action for intentional interference with prospective economic advantage must be dismissed.

---

[3] These include statements that he "uses other people to run a company he is secretly controlling and pays stock pumpers to tout the company without disclosure," that he "runs things behind the scene," that he allegedly engages in "tons of questionable pump and dump deals," and that he has "teamed up with his favorite investing partner Michael Brauser."

[4] These include statements that "market participants sit on the side line to see if the SEC can get the goods to finally charge Barry Honig" and that "Barry Honig is pulling out the big legal guns apparently worried about what's inside that SEC subpoena."

[5] To test for defamation, courts construe the words "as they would be read and understood by the public to which they are addressed." *November v. Time, Inc.*, 13 N.Y.2d 175, 244 N.Y.S.2d 309, 194 N.E.2d 126, 128 (1963).

**IV.    A Stay of Discovery is Warranted.**

Ms. Buhl also respectfully requests a stay of discovery while the Court considers her motion to dismiss. When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *See Am. Fed'n of Musicians & Employers' Pension Fund v. Atl. Recording Corp.*, No. 1:15-CV-6267-GHW, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016)(staying discovery where motion to dismiss appeared to have substantial grounds, responding to the discovery requests would impose a substantial burden on defendants, and there was no indication that plaintiffs would be unfairly prejudiced by a stay). *See also Temple of Lost Sheep, Inc. v. Abrams,* 1990 WL 156139, at *5 (E.D.N.Y. 1990), *aff'd*, 930 F.2d 178 (2d Cir. 1991) (stay of discovery was appropriate where the legal issues raised in the motion to dismiss did not require any factual discovery); *United States v. Cty. of Nassau*, 188 F.R.D. 187, 189 (E.D.N.Y. 1999)(staying discovery where issue raised in motion to dismiss was strictly one of law and did not involve issues relating to the "sufficiency" of the allegations).

Here, Ms. Buhl has made a strong showing that Mr. Honig's claim are without merit, discovery already propounded by Mr. Honig demonstrates that he intends to seek material that is absolutely privileged under New York law,[6] and there is no risk that Mr. Honig would be unfairly prejudiced if discovery in this matter is stayed.

Moreover, New York courts have noted that baseless litigation against the press must be terminated at the earliest opportunity, as lawsuits threaten the freedoms of expression that are vital to our society. The courts thus recognize that "the 'chilling effect' of the threat of liability will result in media self-censorship 'antithetical to the First Amendment's protection of true speech on matters of public concern.'" *See, e.g.*, *Virelli v. Goodson-Todman Enters., Ltd.*, 142 A.D.2d 479, 486, 536 N.Y.S.2d 571, 575-76 (3d Dep't 1989) (quoting *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 777 (1986)) (reversing trial court and ordering dismissal of complaint against newspaper alleging invasion of privacy and emotional distress). Therefore, a stay of all discovery pending the court's determination on the motion to dismiss is appropriate to avoid a misuse of the judicial process to chill Ms. Buhl's speech about matters of public concern.

Thank you for the Court's consideration of the above.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ Sean C. Sheely
     Sean C. Sheely

cc: Counsel of Record (*via ECF*)

---

[6] This discovery seeks the identify of Ms. Buhl's sources, some of which are confidential. This information is therefore entitled to <u>absolute</u> protections for confidential news sources afforded under the state's Shield Law, contained in New York Civil Rights Law § 79-h.