

132 S. RODEO DRIVE, FOURTH FLOOR
BEVERLY HILLS, CA 90212
424.203.1600 · WWW.HMAFIRM.COM

January 25, 2017

**VIA ECF**

The Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Honig v. Buhl*
              Case No. 16-cv-07477-PGG
              Response to Defendant's Request for Pre-Motion Conference

Dear Judge Gardephe:

      We represent Plaintiff Barry Honig ("Plaintiff" or "Honig") in the above-referenced action. We write to respond to and oppose the request by Defendant Teri Buhl ("Defendant" or "Buhl") for a pre-motion conference regarding Defendant's intention to bring a motion to dismiss Honig's Complaint.

**A.    Factual Background**

      Honig is private investor. In 2016, Defendant, who styles herself as a "smashmouth" investigative journalist, published two false and highly defamatory articles about Honig on the Internet. Complaint, Exs. A-C (the "Articles"). The Articles contain at least fourteen (14) false statements about Honig, which wrongly accuse him of violations of the law and state he is under investigation by the government. Each of these false statements is expressly identified in Honig's Complaint. Complaint ¶¶ 9, 11, 14 (the "Defamatory Statements"). Honig subsequently demanded a retraction and removal of the Defamatory Statements, but Defendant refused. Defendant's wrongful acts have caused substantial damages to Honig, including to his personal and professional reputation. Honig is suing for: (1) libel; and (2) intentional interference with prospective economic advantage.

**B.    Defendant's Proposed Motion Is Meritless**

      **1.    Honig Has Adequately Pled a Cause of Action for Libel**

      A complaint survives a motion to dismiss under Rule 12(b)(6) if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief"; a complaint does not require "detailed factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). On a

{00077383;4}

motion to dismiss, courts must "accept as true all allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). "'The issue [on a motion to dismiss] is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Village Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 235-36 (1974)).

Honig's allegations are sufficient to support a cause of action for libel. A claim for libel requires: "(1) a written defamatory statement of fact regarding the plaintiff; (2) published to a third party by the defendant; (3) defendant's fault, varying in degree depending on whether plaintiff is a private or public party; (4) falsity of the defamatory statement; and (5) injury to plaintiff." *Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir. 2001). Honig's Complaint satisfies all of the foregoing elements, as it specifically identifies the Defamatory Statements at issue, alleges that the Defamatory Statements were widely disseminated over the Internet, alleges the falsity of the Defamatory Statements, and alleges that Honig has been damaged as a result of Defendant's Defamatory Statements. Complaint, ¶¶ 9, 11-15, 18-26. Because these allegations must be accepted as true for the purposes of a motion to dismiss, (s*ee, Russell v. Northrop Grumman Corp.*, 921 F. Supp. 143, 146 (E.D.N.Y. 1996)), Honig has alleged a valid claim for libel.

2.  **The Defamatory Statements Are Not Protected by the Fair Report Privilege**

The Fair Report Privilege does not afford protection for Defendant's Defamatory Statements. The Fair Report Privilege is limited to a "fair and true report" of official proceedings, which requires that the report be "substantially accurate". N.Y. Civ. Rights Law § 74; *Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 119 (2d Cir. 2005). The Defamatory Statements do not constitute a "fair and true" or "substantially accurate" report on the official documents Defendant purportedly reviewed. A report is not "substantially accurate" "if it would have a 'different effect' on the mind of the recipient than the 'actual truth.' In other words, Section 74 does not afford protection if the specific statements at issue, considered in their context, 'suggest[ ] more serious conduct than that actually suggested in the official proceeding.'" *Karedes*, 423 F.3d at 119 (quoting *Calvin Klein Trademark Trust v. Wachner*, 129 F. Supp. 2d 248, 253 (S.D.N.Y. 2001) (emphasis added); *see also Martin v. Daily News L.P.*, 121 A.D.3d 90, 101 (N.Y. App. Div. 2014) (reporter's inaccurate interpretation of complaint not privileged); *see also Edward B. Beharry & Co. v. Bedessee Imports Inc.,* 2010 WL 1223590, *7 (E.D.N.Y. Mar. 23, 2010) (holding that the Fair Report Privilege did not apply to an article because "a reasonable reader could find the overall 'gist' or 'sting' of defendants' statements to be more serious than that which was fairly suggested by the FDA's findings.").

The Defamatory Statements (in addition to being false) are either gross exaggerations of the official proceedings on which Defendant purportedly based her Articles, or complete fabrications not based on any official proceedings, as Defendant does not attribute the vast majority of the Defamatory Statements to any official source.[1] The Defamatory Statements

---

[1] Defendant's attempt to introduce documents on which Defendant purportedly relied upon in her Articles is wholly improper at this stage of the proceedings as they are outside the four corners of the Complaint and therefore not

impermissibly suggest much more serious conduct or alleged wrongdoing by Honig than actually contained in official documents. As such, the Defamatory Statements are not protected by the Fair Report Privilege.

### 3. The Defamatory Statements Are Not Protected Opinion and are Actionable as a Matter of Law

The Defamatory Statements are not protected opinions. Statements tending "to disparage a person in the way of [his] office, profession or trade [are] defamatory per se." *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 179 (2d Cir. 2000). The Defamatory Statements disparage Honig in his profession as an investor, falsely stating (among other things) that Honig is "the target of an SEC investigation", that he is "secretly controlling" a company, "pays stock pumpers to tout the company without disclosure", and that he engages in "tons of questionable pump and dump deals." *See Four Star Stage Lighting, Inc. v. Merrick*, 56 A.D.2d 767, 768, 392 N.Y.S.2d 297, 298 (1977) ("words are libelous if they affect a person in [his] profession, trade or business by imputing to [him] any kind of fraud, dishonesty, misconduct, incapacity, unfitness or want of any necessary qualification in the exercise thereof."). The Defamatory Statements are also capable of being proven false and Defendant did not fully set forth the factual basis for her purported opinions. *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 460-61 (S.D.N.Y. 2012).

Moreover, the Defamatory Statements are actionable as a matter of law. A statement is defamatory if it would "tend to expose one to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation or disgrace." *Stern v. Cosby*, 645 F. Supp. 2d 258, 272 (S.D.N.Y. 2009). The Defamatory Statements attack Honig's integrity as an investor and falsely accuse him of criminal wrongdoing, which undoubtedly exposes him to shame, public hatred, and contempt. Indeed, Honig's Complaint specifically alleges that the Defamatory Statements "subject Plaintiff to hatred, distrust, contempt, aversion, ridicule and disgrace in the minds of a substantial number in the community, and were calculated to harm Plaintiff's social and business relationships, and did harm his social and business relationships." Complaint, ¶ 19.

### 4. Honig Has Adequately Pled a Claim for Intentional Interference with Prospective Economic Advantage

A claim for interference with prospective economic advantage requires: "(1) a prospective contractual relation or business with a third party; (2) defendants' interference with that relation; (3) defendant acted with the sole purpose of harming plaintiff or used dishonest, unfair or improper means; and (4) injury to the plaintiff." *G-I Holdings, Inc. v. Baron & Budd*, 179 F. Supp. 2d 233, 253-54 (S.D.N.Y. 2001). Honig has stated a valid claim for intentional interference with prospective economic advantage, as each of these elements is alleged in the operative complaint. *See* Complaint, ¶¶ 28-33. Moreover, false statements – including "misleading communications with the public" – have been held to be a basis for a tortious

---

appropriate for consideration at this time. *See Vassilatos v. Ceram Tech Int'l, Ltd.*, 1993 WL 177780, *5 (S.D.N.Y. May 19, 1993) ("In deciding a motion to dismiss, the Court must limit its analysis to the four corners of the complaint.").

The Hon. Paul G. Gardephe
January 25, 2017
Page 4

interference with prospective economic advantage claim. *See e.g., Excellus Health Plan, Inc. v. Tran*, 287 F. Supp. 2d 167, 177-78 (W.D.N.Y. 2003) (holding that allegations of "intentional interference with business opportunities as a result of [defendant's] misleading communications with the public" are sufficient to withstand motion to dismiss). Accordingly, Honig has successfully pled a claim for intentional interference with prospective economic advantage

> 5.  A Stay of Discovery is Not Appropriate

Defendant's request for a stay of discovery should be denied by the Court. A motion to dismiss does not automatically stay discovery. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076 *1 (S.D.N.Y. Sept. 1, 2009) ("It is well-settled that the issuance of a stay of discovery pending the outcome of a motion to dismiss is by no means automatic."). "[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, 1992 WL 276913, *1 (S.D.N.Y. Sept. 25, 1992).

Only upon a showing of "good cause" should a court stay discovery merely upon the filing of a motion to dismiss. *See Integrated Sys. & Power, Inc.*, 2009 WL 2777076, *1. "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of N.Y.*, 2012 WL 947498, *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted). As noted by Defendant, courts consider: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Brooks v. Macy's, Inc.,* 2010 WL 5297756, *2 (S.D.N.Y. Dec. 21, 2010). In their examination of the "strength of the motion," district courts in the Second Circuit have often stated that a stay of discovery is appropriate where a motion "do[es] not appear to be without foundation in law." *ITT Corp. v. Travelers Cas. & Sur. Co.*, 2012 WL 2944357, *2 (D. Conn. July 18, 2012) (quoting *Johnson v. N.Y. Univ. Sch. of Educ*., 205 F.R.D. 433, 434 (S.D.N.Y. 2002)).

Consequently, a motion for a stay must be supported by "substantial arguments for dismissal." *Spencer Trask Software and Info. Servs., LLC v. RPost Intern. Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *see also Moore v. Am. Tel. & Tel. Commc'ns, Inc.,* 137 F.R.D. 211, 211 (S.D.N.Y. 1991). In an equivalent formulation there must be "a strong showing that the plaintiff's claim is unmeritorious." *Telesca v. Long Island Hous. P'ship, Inc*., 2006 WL 1120636, *1 (E.D.N.Y. Apr. 27, 2006); *accord Giminez v. Law Offices of Hoffman & Hoffman*, 2012 WL 2861014, *2 (E.D.N.Y. July 11, 2012); *Flores v. S. Peru Copper Corp*., 203 F.R.D. 92, 94 (S.D.N.Y. 2001).

As detailed *supra*, Defendant will be unable to make the "strong showing" required for the issuance of a stay. Honig has adequately pled causes of action for libel and intentional interference with prospective economic advantage, and the Defamatory Statements are not protected by any privilege or claim of opinion. As such, the stay requested by Defendant would merely delay Honig's right to obtain discovery in support of his claims.

  In light of the foregoing, Defendant's proposed motion to dismiss and to stay discovery would be futile and an inefficient use of judicial resources. Defendant therefore should be ordered to Answer the Complaint, and no stay of discovery should be issued by the Court.

            Respectfully submitted,
            HARDER MIRELL & ABRAMS LLP

            By:  /s/ Jordan Susman
              Jordan Susman

Cc: Counsel of Record (via ECF)